**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK L. FLYTE | : | |
| | : | |
| Appellant | : | No. 346 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 3, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002206-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK L. FLYTE | : | |
| | : | |
| Appellant | : | No. 347 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 3, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000123-2022

BEFORE: LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 19, 2023**

Flyte appeals from the judgment of sentence imposed after he pled guilty to driving under the influence ("DUI") in two cases. Flyte challenges the discretionary aspects of his sentences. Upon review, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

Flyte was charged with DUI arising from two separate incidents. The trial court set forth the relevant procedural history as follows:

> [Flyte] pled guilty on August 29, 2022 in Case No. 2206 CR 2021 to . . . [DUI-controlled substance], second offense, a misdemeanor of the first degree. 75 Pa.C.S.A. § 3802 (d)(1)(i). This offense has an offense gravity score of 5. 204 Pa. Code § 303.15. [Flyte] had a prior record score of 5 based on numerous prior convictions [many of which were other DUIs].
>
> The Sentencing Guidelines specified a standard range minimum sentence of 12 to 18 months, with a mitigated range minimum sentence of 9 months and an aggravated range minimum sentence of 21 months. 204 Pa. Code § 303.16(a). The statutory mandatory minimum sentence is 90 days. 75 Pa.C.S.A. § 3804(c)(2). The maximum sentence is 5 years. **See** 75 Pa.C.S.A. § 3803(b)(4).
>
> [Flyte] pled guilty on August 29, 2022 in Case No. 123 CR 2022 to . . . [DUI-general impairment], third offense, a misdemeanor of the second degree. 75 Pa.C.S.A § 3802(a)(1). This offense has an offense gravity score of 3. 204 Pa. Code § 303.15. [Flyte] had a prior record score of 5 based on numerous prior convictions.
>
> The Sentencing Guidelines specified a standard range minimum sentence of 6 to 12 months, with a mitigated range minimum sentence of 3 months. There was no aggravated range because the standard range was 12 months and the maximum sentence was 24 months. **See** 75 Pa.C.S.A. § 3803(a)(2). The statutory mandatory minimum sentence is 10 days. 75 Pa.C.S.A. § 3804(a)(3).

Trial Court Opinion, 3/29/23, at 2. The trial court initially sentenced Flyte to 18 to 60 months' incarceration for the DUI-controlled substance conviction and 6 to 24 months' incarceration for the DUI-general impairment conviction, to run consecutively to the DUI-controlled substance sentence.

Flyte filed motions for reconsideration *nunc pro tunc*, which the trial court expressly granted. Flyte asked the court to sentence him "by the DUI

standards." Upon reconsideration, the court maintained the length of Flyte's sentences but slightly modified the sentence for DUI-controlled substance. It added a recommendation that Flyte participate in the State Drug Treatment Program, which it had previously ordered as part of the sentence for DUI-general impairment.

Flyte filed this timely appeal. Flyte and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Flyte raises the following four issues which we have reordered for ease of disposition:

> I. Did the trial court abuse its discretion by following the sentencing guidelines and sentence [Flyte], in case 2206 CR 2021, to [an] eighteen (18) to sixty (60) month state sentence, because of its own concerns for treatment, because that length of sentence was believed by the [c]ourt as giving [Flyte] a better chance to be placed in the State Drug Treatment Program, where if the DUI guidelines were followed there is a mandatory ninety (90) day sentence?
>
> II. Did the trial court abuse its discretion by sentencing [Flyte], in case 2206 CR 2021, to [an] eighteen (18) to sixty (60) month state sentence, because [Flyte] had a prior record of score of five, many of which were DUI related, [Flyte] avers that the intent of the Legislature, when the Legislature has made the mandatory minimum for said offense ninety (90) days, was that the suggested standard guideline range did not need to be adhered to because there [were] specific DUI sentencing guidelines?
>
> III. Did the trial court abuse its discretion by sentencing [Flyte] to [an] eighteen (18) to sixty (60) month state sentence, because [Flyte] had a prior record of score of five, many of which were DUI related, [Flyte] avers that the intent of the Legislature, when [Flyte] has made the mandatory minimum for said offense ninety (90) days, was that the suggested standard guideline range did not need to be adhered to because there [were] specific DUI sentencing guidelines?

IV. Did the trial court abuse its discretion by following the sentencing guidelines and sentence [Flyte], in case 123 CR 2022, to a six (6) to twenty-four (24) month consecutive state sentence, because of its own concerns for treatment, because that length of sentence was believed by the [c]ourt as giving [Flyte] a better chance to be placed in the State Drug Treatment Program, where if the DUI guidelines were followed there is a mandatory ten (10) day sentence?

Flyte's Brief at 7.[1]

Flyte challenges the discretionary aspects of his sentences. Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

(1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)). Here, Flyte satisfied the first requirement under *Colon*. However, Flyte did not preserve his issues for appeal to satisfy *Colon's* second requirement.

_____

[1] We note that issues two and three as reordered appear to be duplicative.

To preserve a discretionary aspects of sentence claim, the appellant must raise the issue either at sentencing or in a post-sentence motion. Furthermore, the appellant must set forth therein the particular legal theory asserted on appeal so that the sentencing court has "the opportunity to reconsider the imposition of the sentence." *Commonwealth v. Truong*, 36 A.3d 592, 598 (Pa. Super. 2012) ("New legal theories cannot be raised on appeal."); *see also* Pa.R.Crim.P. 720(B)(1)(a) (requiring that post-sentence motions state claim for relief "with specificity and particularity"). Thus, an appellant who challenges the discretionary aspects of his sentence in a post-sentence motion may only argue on appeal the specific arguments he included in his post-sentence motion. *See, e.g., Commonwealth v. Rivera*, 238 A.3d 482, 499 (Pa. Super. 2020) (finding appellant waived discretionary aspects of sentence claim because, "while he filed a post-sentence motion raising a discretionary[ ] claim, that claim differ[ed] from the claim he present[ed] on appeal"). Failure to properly preserve an argument results in waiver.

Here, Flyte filed post-sentence motions asking to modify his sentences. However, Flyte did not set forth any specific legal arguments for the trial court to consider. Flyte merely asked the trial court to sentence him "by the DUI standards." He did not claim that the trial court abused its discretion by imposing a sentence higher than the mandatory minimum or set forth any other explanation as to how it abused its discretion. He did not reference the treatment component of his sentence or his prior record score as he does on

appeal. Thus, his post-sentence motion lacked the requisite specificity necessary to properly preserve these issues for our review.

Flyte also did not satisfy the third element under **Colon**. Critically, Flyte did not include a concise statement of reasons relied upon for allowance of appeal pursuant to Rule 2119(f) in his appellate brief. Generally, "[w]here an appellant fails to comply with Rule 2119(f) and the Commonwealth objects, the issue is waived for purposes of review." **Commonwealth v. Montgomery**, 861 A.2d 304, 308 (Pa. Super. 2004). Here, the Commonwealth objected. Commonwealth's Brief at 2, 8.

For these reasons, we conclude that Flyte's issues are waived. As such, we will not address the merits of his sentencing claims.[2]

_____

[2] Notwithstanding waiver, we observe that the trial court correctly concluded that it could apply the sentencing guidelines. Flyte's argument that the trial court could only sentence him to 90 days and 10 days, being the respective statutory minimum sentences, and not consider the Sentencing Guidelines, was flatly rejected by this Court in **Commonwealth v. Brown**, 240 A.3d 970, 973 (Pa. Super. 2020). There, we explained as follows.

> In **Commonwealth v. Lewis**, 45 A.3d 405, 411–13 (Pa. Super. 2012) (*en banc*) this Court reviewed whether a trial court had abused its discretion when it imposed a sentence exceeding the applicable mandatory minimum sentence of 84 months for PWID after considering both the standard guideline range of 72 to 90 months and the statutory maximum sentence of 120 months, which the Commonwealth recommended. At the outset, our Court, sitting *en banc*, acknowledged that it was the trial court's obligation to consider the imposition of a guideline range sentence when the guidelines exceeded the statutory mandatory minimum sentence:

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/19/2023

---

A sentencing court "has no power to sentence below the mandatory minimum notwithstanding any guidelines provision." ***Commonwealth v. Morgan***, [625 A.2d 80, 84–85 (Pa. Super. 1993)]. However, the sentencing court must consider the sentencing guidelines "whenever the guidelines suggest a longer sentence than the mandatory minimum required." ***Id.*** (emphasis omitted). ***See also*** 204 Pa.Code § 303.9 (stating that "[w]hen the [guidelines] sentence recommendation is higher than that required by a mandatory sentencing statute, the court ***shall*** consider the guideline[s] sentence recommendation").

***Id.*** at 973 (emphasis added).

We further emphasize that the pertinent statutory provisions state that the defendant is to "undergo imprisonment of ***not less than***" 90 days and 10 days. Thus, as the trial court observed, these minimum sentences establish "a floor below which a sentence may not be imposed, rather than a required or sole sentencing option." Trial Court Opinion, 3/29/23, at 4.